UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENT YOUNG,

    Plaintiff,

v.

WILLIAM JOURDEN, et al.,

    Defendants.
_____/

Case No. 1:19-cv-854

Hon. Hala Y. Jarbou

## **ORDER**

This is a civil rights action claiming that Defendants used excessive force on Plaintiff or were deliberately indifferent to his medical needs while Plaintiff was detained at the Kent County Correctional Facility (KCCF). Defendants Jourden and Clark filed a motion for summary judgment, as did Defendant Fusik. The magistrate judge has issued a report and recommendation ("R&R") recommending that the Court grant Fusik's motion in full but grant Jourden and Clark's motion in part. (R&R, ECF No. 100.) Before the Court are objections to the R&R by Defendants Jourden and Clark. (ECF No. 101.)

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge issued a very thoughtful and detailed R&R, the details of which the Court will not reiterate here.  Suffice it to say that Defendant Jourden sprayed Plaintiff in the face with pepper spray after Plaintiff refused to leave a secured doorway to the control deck at KCCF. That part is undisputed.  And the magistrate judge correctly determined that Jourden's use of pepper spray at that point in time was not an excessive use of force.  Defendants' objections concern Plaintiff's claims about what happened next.  Video evidence shows that Plaintiff walked away from the door after receiving spray to his face.  He contends that he was returning to his cell and that Defendant Jourden sprayed him again and then Defendant Clark used his taser on Plaintiff. He claims that these actions constituted excessive use of force.  The magistrate judge determined that the facts, construed in Plaintiff's favor, would support such claims and that Defendants were not entitled to qualified immunity.

Defendants object that the R&R relied on several unpublished cases from the Court of Appeals for the Sixth Circuit to find that a reasonable officer would have been on notice that the use of a chemical agent on a passively resisting, but non-threatening, pretrial detainee would amount to excessive force.  (*See* R&R 16.)  The reasoning of the R&R is not in error.  Contrary to Defendants' assertion, binding authority is not necessary to overcome qualified immunity. "Clearly established" for purposes of qualified immunity "means there must either be 'controlling authority or a robust consensus of cases of persuasive authority.'"  *Guertin v. State*, 912 F.3d 907, 932 (6th Cir. 2019) (quoting *Plumhoff v. Rickard*, 572 U.S. 765 (2014)).  In addition, "'an action's unlawfulness can be "clearly established" from direct holdings, from specific examples describing certain conduct as prohibited, or from the general reasoning that a court employs."  *Id.* at 933 (quoting *Baynes v. Cleland*, 799 F.3d 600, 612 (6th Cir. 2015)).

The precedent cited by the R&R recognized that

>a reasonable officer would have been on notice in September 2013 that use of a chemical agent on a non-threatening pretrial detainee who did not comply with the officer's verbal orders and then passively resisted an open-handed escort by hesitating and stopping to turn to ask again about seeing a nurse would amount to constitutionally excessive force.

*Guy v. Metro. Gov't of Nashville & Davidson Cnty.*, 687 F. App'x 471, 476 (6th Cir. 2017).

In addition, when summarizing other case law, another case cited in the R&R states that "there is a very limited class of circumstances when the use of pepper spray is proper, including where a detainee is unsecured, acting violently, and posing a threat to himself or others." *Cabaniss v. City of Riverside*, 231 F. App'x 407, 413 (6th Cir. 2007).

Although *Cabaniss* and *Guy* are unpublished cases, they relied on earlier precedent to determine the appropriate bounds for the use of pepper spray on detainees.  The same "general reasoning" of those cases applies here.  In other words, just as it would have been apparent to the defendants in those cases, it would have been apparent to an officer in Defendants' positions that using pepper spray or a taser on a detainee who had already been sprayed in the face and who, when interpreting the evidence in the light most favorable to Plaintiff, was not posing a threat to others and who was, at most, passively resisting an order, would amount to excessive force.

Defendants attempt to avoid the logic of *Cabaniss* and *Guy* by distinguishing the facts of those cases.  That attempt is misguided because it relies on crucial, disputed facts about what occurred after Plaintiff stepped away from the secured doorway.  Defendants contend that after Jourden sprayed Plaintiff the first time, Plaintiff "flagrantly continued to defy orders to get on the ground, only to comply once he was tased by Deputy Clark."  (Defs.' Objs. 5.)  However, Plaintiff's refusal to comply with Defendants' orders at that point in time is disputed.  Plaintiff asserts in a sworn statement that he was trying to return to his cell; he did not disobey a command to lay on the ground.  (Pl.'s Resp. & Aff., ECF No. 84, PageID.659.)  He did not even hear a

command to get on the ground. (Young Dep. 130, ECF No. 67-2.)[1] Plaintiff also testified at his deposition that Defendant Jourden sprayed him when he was walking toward his cell, and that Defendant Clark deployed his taser when Plaintiff paused to wipe his face. (*Id.* at 55.)

Defendants' focus on Plaintiff's refusal to comply is understandable. In the R&R, the magistrate judge determined that video of the incident appears to show Defendants "yelling commands at Plaintiff." (R&R 6.) And the R&R states that "Plaintiff failed to comply by continuing to walk around and wipe the spray off his face with his shirt or a towel." (*Id.*) However, the video evidence does not clearly show either of these things. It does not show very much of what Plaintiff did after Defendant Jourden first sprayed him in the face by the secured door. It shows Plaintiff wipe his eyes and face with his shirt before walking off camera, confirming that he had been sprayed in the face at least once. It then shows Defendant Jourden walk in Plaintiff's direction, point his pepper spray in that same direction, and then step back, just before Plaintiff's head and torso briefly return to view and then disappear again, moving perpendicular to and away from Defendants Jourden and Clark. As Plaintiff is walking away and out of view, Defendant Clark raises his taser and points it toward Plaintiff's back. Defendant Jourden points to the ground at several points during this brief period, but there is no audio, so the video does not confirm whether Jourden or Clark instructed Plaintiff to get on the ground or issued any other commands. It would be reasonable to infer, as the magistrate judge did, that Defendants instructed Plaintiff to get on the ground and that he did not comply, but those inferences are not so obvious that the Court can disregard Plaintiff's sworn statements to the contrary. This is not a case where Plaintiff's

---

[1] Defendants note that Plaintiff pleaded guilty to "failure to lock up" (*see* Guilty Plea, ECF No. 67-16), but it is not clear from the plea document itself whether the plea concerned Plaintiff's actions in the doorway or his actions afterward. Indeed, Defendants contend that, after Jourden sprayed Plaintiff, they did not want Plaintiff to return to his cell because they had to clean him first. (Defs.' Objs. 6.) If that is the case, then Plaintiff's guilty plea likely involved his refusal to leave the doorway and return to his cell. It is not an admission that he refused to comply with orders to get on the ground.

version of the events is "blatantly contradicted by the record, so that no reasonable jury could believe it[.]" *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

In short, construing the evidence in the light most favorable to Plaintiff, a reasonable jury could find that Defendant Jourden sprayed Plaintiff a second time after Plaintiff walked away from the secured door, and then Defendant Clark tased him, as Plaintiff was doing nothing more than wiping his face and attempting to return to his cell. If so, then it would have been clear to reasonable officers in Defendants' respective positions that their uses of force were excessive.

Almost the entirety of Defendants' objection to the recommended disposition of their motion rests on the premise that Plaintiff refused to comply with their orders even after Defendant Jourden sprayed Plaintiff the first time. Those arguments are misplaced because that refusal to comply is disputed. And because it is disputed, Defendants Jourden and Clark are not entitled to summary judgment. It is true that the R&R indicates that Plaintiff passively resisted Defendant Jourden's orders, but there is a genuine dispute of fact about whether Plaintiff resisted at all after walking away from the secured door. The cases discussed in the R&R indicating even passive resistance does not justify the use of pepper spray or a taser simply reinforce the point that, when construing the evidence in Plaintiff's favor, Defendants' conduct was objectively unreasonable under clearly established law.

Accordingly,

**IT IS ORDERED** that Defendants' objections to the R&R (ECF No. 101) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 100) is **ACCEPTED** and **ADOPTED IN PART** as the opinion of the Court. The R&R is adopted in its entirety, except as to the statement on page 6 that "Plaintiff failed to comply by continuing to walk around and wipe the spray off his face with his short or a towel." (*See* R&R 6.)

5

**IT IS FURTHER ORDERED** that Defendant Fusik's motion for summary judgment (ECF No. 63) is **GRANTED**. Accordingly, she is **DISMISSED** as a Defendant to the case.

**IT IS FURTHER ORDERED** that Defendants Jourden and Clark's motion for summary judgment (ECF No. 66) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's deliberate indifference claim against Defendant Jourden is **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's excessive force claim against Defendant Jourden regarding Jourden's use of pepper spray while Plaintiff was standing in the secured doorway is **DISMISSED**.

Plaintiff's excessive force claim against Defendant Clark will proceed, as will Plaintiff's excessive force claim against Defendant Jourden regarding Jourden's alleged use of pepper spray on Plaintiff in the dayroom, after Plaintiff walked away from the secured door.

Dated:   February 24, 2021                        /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  UNITED STATES DISTRICT JUDGE