UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENT YOUNG,

    Plaintiff,

v.

KENT COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.
_____/

Case No. 1:19-cv-854

Hon. Hala Y. Jarbou

## **ORDER**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In his pro se motion titled "Plaintiff's Motion for Appointment of Counsel/Reconsideration of Motion [ECF No. 321]," Plaintiff has requested a court-appointed attorney for the second time (ECF No. 115). Plaintiff previously filed a motion to appoint counsel on May 26, 2020 (ECF No. 32), which the Court denied on June 10, 2020 (ECF No. 50).

Under Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment. *Id.*; *see also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). Western District of Michigan Local Civil Rule 7.4(a) provides that reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the court and the parties have been misled . . . [and] that a different disposition of the case must result from a correction thereof." *Id.* "[M]otions for reconsideration which merely present the same issues ruled upon by the court shall not be granted." *Id.* Plaintiff's motion identifies no new issues that the Court has not already considered, let alone a palpable defect. It simply asks the Court to consider arguments he previously raised, which have already been

considered and rejected by the Court in its ruling on Plaintiff's first motion for appointment of counsel.

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for appointment of counsel and reconsideration (ECF No. 115) is **DENIED.**

Date:   February 3, 2022                      /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              UNITED STATES DISTRICT JUDGE